## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sanofi-Aventis U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br><br>      Plaintiffs,<br><br>   v.<br><br>Fresenius Kabi USA, LLC<br>      Defendant. | Civil Action Nos. 14-07869 (MAS)(LHG)<br>        14-08082 (MAS)(LHG)<br>        15-02631 (MAS)(LHG)<br><br>**PRETRIAL**<br>**SCHEDULING ORDER** |
| Sanofi-Aventis U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br><br>      Plaintiffs,<br><br>   v.<br><br>Accord Healthcare, Inc.<br>      Defendant. | Civil Action Nos. 14-08079 (MAS)(LHG)<br>        15-02520 (MAS)(LHG) |
| Sanofi-Aventis U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br><br>      Plaintiffs,<br><br>   v.<br><br>BPI Labs, LLC et al.,<br>      Defendant. | Civil Action Nos. 14-08081 (MAS)(LHG)<br>        15-02521 (MAS)(LHG) |

| | |
|---|---|
| Sanofi-Aventis U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br><br>                      Plaintiffs,<br>     v.<br>Apotex Corp. et al.,<br>                      Defendants. | Civil Action Nos.  15-00287 (MAS)(LHG)<br>                          15-01835 (MAS)(LHG) |
| Sanofi-Aventis U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br>                      Plaintiffs,<br>     v.<br>Breckenridge Pharmaceutical, Inc.<br>                      Defendant. | Civil Action Nos.  15-00289 (MAS)(LHG)<br>                          15-01836 (MAS)(LHG) |
| Sanofi-Aventis U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br>                      Plaintiffs,<br>     v.<br>Onco Therapies Limited<br>                      Defendant. | Civil Action No.   15-00290 (MAS)(LHG)<br>                          15-03392 (MAS)(LHG) |
| Sanofi-Aventis U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br>                      Plaintiffs,<br>     v.<br>Actavis LLC et al.<br>                      Defendants. | Civil Action Nos.  15-00776 (MAS)(LHG)<br>                          15-03107 (MAS)(LHG) |

These matters having come before the Court on **May 8, 2015**, for an initial conference, pursuant to **Fed. R. Civ. P. 16**; and the Court having considered the positions of the parties; and good cause having been shown;

**IT IS** on this **12th** day of **June, 2015**,

**ORDERED THAT:**

1. The following schedule shall apply to these matters which arise under 21 U.S.C. § 355 (commonly referred to as "the Hatch-Waxman Act") and involve Paragraph IV certifications:

| *Activity* | *Deadline* |
|---|---|
| Plaintiffs to serve "Disclosure of Asserted Claims" pursuant L. Pat. R. 3.6(b) | May 15, 2015 |
| Exchange Initial Disclosures Pursuant to Rule 26(a)(1), Fed. R. Civ. P. | May 22, 2015 |
| Defendants to serve "Invalidity Contentions" pursuant to L. Pat. R. 3.6(c)-(d), which shall be accompanied by the production of documents required under L. Pat. R. 3.4 | June 5, 2015 |
| Defendants shall serve "Noninfringement Contentions," pursuant to L. Pat. R. 3.6(e), which shall be accompanied by the production of documents required under L. Pat. R. 3.6(f) | June 5, 2015 |
| Parties to submit Proposed Discovery Confidentiality Order pursuant to L. Pat. R. 2.2 | June 8, 2015 |
| Plaintiffs to serve "Disclosure of Infringement Contentions" pursuant to L. Pat. R. 3.6(g), which shall be accompanied by the production of documents required under L. Pat. R. 3.2 | August 5, 2015 |
| Plaintiffs to serve "Responses to Invalidity Contentions," pursuant to L. Pat. R. 3.6(i) and 3.4A, which shall be accompanied by the production of documents required under L. Pat. R. 3.4A(d) | August 5, 2015 |
| Parties to exchange claim terms to be construed pursuant to L. Pat. R. 4.1(a)[1] | August 12, 2015 |

---

[1] Following the initial exchange, and pursuant to L. Pat. R. 4.1(b), the parties shall meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of the Joint Claim Construction and Prehearing Statement.

| | |
|---|---|
| Parties to simultaneously exchange "Preliminary Claim Constructions" and identification of supporting intrinsic and extrinsic evidence pursuant to L. Pat. R. 4.2(a)-(b) | September 2, 2015 |
| Parties to exchange identification of intrinsic and extrinsic evidence in support of opposition to other party's proposed constructions pursuant to L. Pat. R. 4.2(c) [2] | September 16, 2015 |
| Parties to file Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R.4.3 | October 2, 2015 |
| Completion of all discovery, except expert witnesses, relating to claim construction pursuant to L. Pat. R. 4.4 | November 2, 2015 |
| Parties to contemporaneously file Opening *Markman* Briefs and any evidence supporting claim construction, including experts' certifications or declarations, pursuant to L. Pat. R. 4.5(a)[3] | November 24, 2015 |
| Completion of Expert Discovery Relating to Opening *Markman* Briefs pursuant to L. Pat. R. 4.5(b) | December 16, 2015 |
| Substantial completion of document production | December 20, 2015 |
| Parties to contemporaneously file Responsive *Markman* Briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations, pursuant to L. Pat. R. 4.5(c)[3] | January 20, 2016 |
| Parties to submit proposed Claim Construction Hearing schedule pursuant to L. Pat. R. 4.6 | February 3, 2016 |

---

[2] Following the exchange, and pursuant to L. Pat. R. 4.2(d), the parties shall meet and confer for the purposes of narrowing the issues and finalizing the preparation of a Joint Claim Construction and Prehearing Statement.

[3] With respect to *Markman* claim construction submissions, defendants will attempt to coordinate their efforts to file joint Opening and Responsive briefs with respect to common issues to the extent possible, but reserve the right to file separate briefs regarding issues or positions specific to individual defendants to the extent such issues or positions differ from the other defendants.

4

| | |
|---|---|
| *Markman* Hearing | *Tutorial*:  February 18, 2016 (1/2 day) |
| | *Hearing*:  February 23, 2016 (1 day) |
| Disclosure of reliance on advice of counsel as part of a patent-related claim or defense for any reason, pursuant to L. Pat. R. 3.8. | Within 30 days after the Court's entry of a claim construction order |
| Deadline for motion to amend pleadings or to join new parties with leave of the Court | May 4, 2016 |
| Close of Fact Discovery[4] | June 1, 2016 |
| Parties to Exchange Affirmative Expert Reports, i.e. reports for which the party bears the burden of proof | July 27, 2016 |
| Parties to Exchange Rebuttal Expert Reports | September 14, 2016 |
| Parties to Exchange Reply Expert Reports | October 12, 2016 |
| Close of Expert Discovery | January 18, 2017 |
| Dispositive Motions to be filed no later than[5] | February 10, 2017[6] |
| Final Pretrial Order Submitted to the Court, with a hard copy provided to Chambers | June 16, 2017 |
| Final Pretrial Conference[7] | June 22, 2017 at 10 am |
| Motions *In Limine* | *Filed*:  August 4, 2017 |
| | *Oppositions*:  August 14, 2017 |
| Trial | September 18, 2017 |

---

[4] No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.
[5] Counsel are to notify Chambers within five (5) days of a decision on any dispositive motions if the decision does not resolve all issues in the case.
[6] Dispositive motions are to be made returnable by March 20, 2017.
[7] Counsel should be prepared to discuss settlement of the case, and clients must be available by telephone.

2. **Deadline Extensions**: As all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

3. **Status Conferences**: The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel. The first status conference will be held by telephone on **August 18, 2015 at 11 am** EDT with Plaintiffs' Counsel initiating.

4. **Coordination**: The above captioned cases shall be coordinated for all pre-trial purposes. The parties are to file all papers on the lead case docket above (*i.e.*, Case No. 14-07869 (MAS)(LHG)) except for issues limited to a specific Defendant(s), which shall be filed only on the appropriate docket(s). The Clerk's Office is instructed to incorporate the parties from the associated matters into the lead case for filing and notification purposes.

5. **Disputes**: Counsel shall meet and confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of an application to the Court. Any such dispute shall be brought to the Court's attention by joint letter, no more than five pages in total, setting forth the nature of the dispute and any efforts to resolve it. Each issue shall be presented separately, stating the dispute followed by the response. Any joint letter must be submitted to the Court sufficiently in advance of any status conference. No discovery motion or motion for leave to amend will be entertained absent leave of Court and counsel's full compliance with **L. Civ. R. 37.1(a)(1)**; *see also* **L. Civ. R. 16.1(f)**.

6. **Motions to Seal**: Any papers that are filed on the public docket that require a motion to seal must comply with **L. Civ. R. 5.3.** Additionally, the following process shall be used before filing any papers, except those relating to discovery disputes referred to in **Paragraph 5** above, on the public docket:

    a. At least **5 business days** prior to filing the papers on the public docket, the party filing shall request an omnibus motion to seal from Chambers;

    b. The parties must file all papers requiring sealing, including responses, replies, etc., with reference to the omnibus motion to seal issued by the Court;

    c. After all papers have been filed, the parties must meet and confer to agree on the scope of a comprehensive motion to seal; and

    d. The parties must cause to be filed a comprehensive motion to seal for all papers as required by **L. Civ. R. 5.3**, including a confidential submission to Chambers of a courtesy copy of the document sought to be sealed that is marked to indicate which portions are the subject of the motion.

7. **Interrogatories**: A maximum of **15 common interrogatories** are permitted for Plaintiffs directed towards all Defendants, and a maximum of **15 common interrogatories** are permitted for all Defendants directed towards Plaintiffs. No more than an additional **5 individual interrogatories** are permitted for Plaintiffs directed toward each Defendant Family, and no more than an additional **5 individual interrogatories** are permitted for each Defendant Family directed towards Plaintiffs.

8. **Depositions**: All of the Defendants collectively on one side shall be limited to a total of **one hundred and twenty-five (125) hours** of taking fact testimony of Plaintiffs by deposition upon oral examination. Plaintiffs on the other side shall be limited to a total of **thirty-five (35) hours** of taking fact testimony by deposition upon oral examination with respect to each Defendant Family.

    a. These limitations do not apply to third-party fact depositions.

    b. Each individual deposition shall be limited to a maximum of **7 hours**, unless such maximum is increased by agreement of the parties or by order of the Court.

    c. The parties agree that individual depositions of the inventors shall be limited to **12 hours**.

    d. When an interpreter is required, each **1.5 hours** of actual deposition time will count as one hour toward the total time permitted (*e.g.*, the 7 hour individual limit would be extended to 10.5 hours and a 10.5 hour interpreted deposition would only count towards 7 of the 125 or 35 hour limit).

    e. If an individually noticed deponent is also designated as a Rule 30(b)(6) witness, the Rule 30(b)(6) portion of that testimony shall not count towards the individual deposition time limit to the extent that the deponent has been designated to provide testimony that is unrelated to the deponent's personal knowledge.

9. An original copy of any letter memoranda that is emailed to Chambers should <u>not</u> be mailed to Chambers, unless specifically advised otherwise. All proposed orders and letter memoranda emailed to Chambers should be in MS Word format and emailed to: **lhg_orders@njd.uscourts.gov**. Any filings with the Clerk of the Court should be in PDF format.

_____
LOIS H. GOODMAN
United States Magistrate Judge